UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAM JONES, <br> TDCJ #01787475, <br><br> Plaintiff, <br> VS. <br><br> LORIE DAVIS, *et al*, <br><br> Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-16-193 |

## MEMORANDUM AND ORDER

Plaintiff Sam Jones (TDCJ #01787475) is a state inmate presently incarcerated by the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ-CID"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment due process and equal protection rights and his rights to religious expression under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, in connection with his right to wear a religious beard. [Doc. No. 1].

The Court has dismissed all of Plaintiff's claims except Plaintiff's official capacity claims against Defendant Lorie Davis for injunctive relief under RLUIPA and the First Amendment regarding: (1) the policy prohibiting the sculpting of religious beards; and (2) the policy requiring inmates to shave once a year for an identification photograph. [Doc. No. 42]. Both parties moved for summary judgment on Plaintiff's remaining claims. [Doc. Nos. 47 & 51]. At the Court's request, Davis filed supplemental briefing regarding whether the remaining claims are moot in light of TDCJ's new religious grooming policy. [Doc. No. 69]. Both parties have

filed responses or replies to the supplemental briefing, and Plaintiff has filed several motions seeking immediate injunctive relief. [Doc. Nos. 76, 80, 82, 87].

The Court has considered the motions, responses, replies, arguments of the parties, evidence, and applicable law and concludes that Plaintiff's remaining claims against Lorie Davis in her official capacity must be dismissed as moot because TDCJ has changed its religious grooming policy, permitting inmates to "shave the moustache, neck, and cheek line of their religious beards provided that the religious beard remains neatly trimmed and clean, and that no lines, designs, patterns, or symbols are cut or shaped into the religious beard" and no longer implementing the annual shave requirement. [Doc. No. 69-1 at 3].

## I. BACKGROUND

The detailed background facts of this case were set forth in the Court's March 15, 2017 Memorandum and Order and need not be repeated at length here. [*See* Doc. No. 42]. Plaintiff Sam Jones ("Plaintiff"), an adherent of Islam, alleges that he was granted permission to grow a religious beard on August 17, 2015. [Doc. No. 1 at 8]. Plaintiff claims that because his beard naturally grows in a pattern shaped like a goatee and because he trims his beard to be neat and clean, he has been stopped, harassed, questioned, and accused of shaping or sculpting his beard and given disciplinary cases for sculpting his beard. [*Id.*].

In her supplemental briefing, Davis moves for summary judgment based on mootness, citing TDCJ's December 1, 2017 new state-wide policy change regarding religious beards. Davis presents competent summary judgment evidence indicating that the new policy permits offenders with a religious beard to "shave the moustache, neck, and cheek line of their religious beards provided that the religious beard remains neatly trimmed and clean, and that no lines, designs, patterns, or symbols are cut or shaped into the religious beard." [Doc. No. 69-1 at 3].

Davis also presents evidence to show that prisoners can trim their beards and shave their mustaches if required by their religious tenets. [*Id.*] Additionally, Davis submits evidence that indicates that TDCJ is no longer implementing the requirement that offenders with religious beards shave annually and specifically states that Plaintiff is allowed to trim and shape his beard. [*Id.* at 2-3].

In Plaintiff's responses and motions for preliminary injunctive relief, he contends that TDCJ is not acting in good faith with its new policy and his claims are "capable of repetition, yet evading review" because TDCJ could change the policy back or choose not to follow it and continue to punish him for trimming his beard in its natural shape of a goatee. [Doc. No. 70 at 3]. In support of his motions for preliminary injunctive relief, he submits his declaration[1] and the declarations of other inmates contending that, although TDCJ claims that there is a policy change to allow prisoners to neatly shape and trim their beards, individual officers have stopped him and others who have goatees, threatening disciplinary action or issuing disciplinary cases for sculpting their beards.

## II.   LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus.*

---

[1] Plaintiff entitles these submissions as "affidavits," but because they are not notarized, they are more properly considered declarations subscribed as true under penalty of perjury, which can also be used as summary judgment evidence when a notary is not available. *See* 28 U.S.C. § 1746 (West 2018).

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

Although the plaintiff in this case is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his or her burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016) (citing *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

### III. <u>DISCUSSION</u>

In his declaration attached to his Complaint, Plaintiff represents that he seeks to keep his natural beard pattern neatly trimmed and denies that he sculpts other lines, patterns, symbols, and/or shapes in his beard other than those that naturally occur on his face. [Doc. No. 1 at 26-27 (stating that "[d]ue to my natural facial hair growth pattern it appears and gives the impression that I have shaped and/or sculpted my facial hair but I haven't . . . ." and that he "was disciplined because it 'simply appears' that his natural facial hair growth pattern has been shaped and/or sculpted regardless of the fact if such is actually the case.")]. Plaintiff also stated that his position is that "his beard naturally grows into a 'goatee' which has the appearance of being sculpted (i.e., altered from its natural growth pattern) and as such he has been and will continue to be issued disciplinary infractions for allegedly sculpting his beard into a goatee." [Doc. No. 92].

Davis contends that Plaintiff's remaining claims are moot because TDCJ has changed its state-wide religious grooming policy, which now: (1) allows prisoners who wear religious beards

to trim and shape their beards and mustaches according to their religious beliefs and (2) no longer implements the annual shave requirement. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When the controversy between litigants "has resolved to the point that they no longer qualify as 'adverse parties with sufficient legal interests to maintain the litigation,' [courts] are without power to entertain the case." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (citation omitted). "If a claim is moot, it presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *National Rifle Ass'n of America v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) (internal quotation marks and citation omitted).

In support of the supplemental motion for summary judgment, Davis has submitted the Affidavit of TDCJ Region I Director, Tony O'Hare; TDCJ Notice to Offenders dated December 1, 2017; and TDCJ Security Memorandum, SM-06.16 (rev. 2). [Doc. Nos. 69-1, 69-2, 69-3]. Mr. O'Hare testified:

> Offender Sam Jones (1787475) is currently housed at the Wynne Unit and is currently permitted to wear a four-inch religious beard. Absent any unforeseen disciplinary issues or failure to abide by the religious beard specifications outlined in the Offender Orientation Handbook and updated with the Notice to Offenders effective December 1, 2017, it is anticipated that Offender Jones will continue to be permitted to wear a four-inch religious beard.
>
> As indicated in the Notice to Offenders referenced above, Offender Jones and other offenders with religious beards are permitted to shave the moustache, neck, and cheek line of their religious beards provided that the religious beard remains neatly trimmed and clean, and that no lines, designs, patterns, or symbols are cut or shaped into the religious beard.

[Doc. No. 69-1 at 3]. In the Notice to Offenders dated December 1, 2017, TDCJ notified offenders that religious beards: (1) shall not be more than fist length and shall not exceed more

than four inches outward from the face; (2) shall not have any lines, designs, patterns, symbols cut or shaped; and (3) shall remain neatly trimmed and clean. [Doc. No. 69-2 at 2]. The Notice includes a picture of a man with a beard and mustache and a man with a beard neatly trimmed with no mustache as examples of permitted beard styles. [*Id.*].

Davis submitted competent summary judgment evidence that TDCJ has changed the grooming policy to allow offenders to shave or trim their mustaches and maintain neat, trimmed, four-inch beards and that TDCJ no longer implements the annual shave requirement. Because Plaintiff has received the relief he sought in his official capacity claims against Lorie Davis — a change in the beard policy that permits "Offender Jones and other offenders with religious beards [] to shave the moustache, neck, and cheek line of their religious beards provided that the religious beard remains neatly trimmed and clean, and that no lines, designs, patterns, or symbols are cut or shaped into the religious beard" and not to be required to submit to annual shaving—there is nothing for this Court to remedy with respect to those remaining claims and they must be dismissed as moot. *See Sossamon*, 560 F.3d at 324.

Nonetheless, Plaintiff argues that TDCJ's measures to change the policy do not resolve his issues because his claims are "capable of repetition, yet evading review." [Doc. No. 70 at 3]. The Supreme Court has noted that the "capable-of-repetition" exception to mootness applies only in exceptional situations and only where two criteria are simultaneously present: (1) the challenged action is too short in duration to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Spencer*, 523 U.S. at 17–18 (citations and internal quotation marks omitted). Plaintiff bears the burden of proving both prongs of the exception. *See Libertarian Party v. Dardenne*, 595 F.3d 215, 216–17 (5th Cir. 2010) (citing cases).

Plaintiff does not meet his burden to raise a fact issue on either prong of the "capable-of-repetition" exception. *See Spencer*, 523 U.S. at 17-18 (holding that the petitioner failed to satisfy either prong of the exception because he did not show that the duration of his claim would always be too short to allow review and that there was a reasonable likelihood that he would once again be subject to the challenged conduct). Plaintiff does not present competent summary judgment evidence to show that the duration of any possible future claim would be too short to be fully litigated before TDCJ would change its policy. Further, Plaintiff does not show that he will be subject to the same official action again by TDCJ because neatly trimming his existing beard is now expressly permitted by the December 2017 policy. Although Plaintiff claims that he subsequently received a disciplinary case for trimming his beard into a goatee in June 2018, Davis submits summary judgment proof to show that the disciplinary case in question was overturned and deleted from his record, citing "natural growth pattern" as the reason. [Doc. No. 88-1 at 2]. To the extent that Plaintiff claims that prison officials failed to apply the new grooming policy properly because they erroneously issued him a disciplinary case that was later overturned or threatened him with disciplinary action that was never taken, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Accordingly, Plaintiff does not raise a fact issue on the "capable-of-repetition" exception to mootness.

Plaintiff also contends that Davis and/or TDCJ changed the policy in bad faith to "hoodwink" the Court, citing to an earlier civil rights case he prosecuted against TDCJ regarding religious holy oil. [Doc. No. 70 at 3-4]. Although Plaintiff contends that TDCJ's voluntary cessation of its no-sculpting policy was made in bad faith, "courts are justified in treating a

voluntary governmental cessation of possibly wrongful conduct with some solicitude." *Sossamon*, 560 F.3d at 325. The Fifth Circuit noted:

> Although [*Friends of the Earth v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000)] establishes that a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing.

*Id.* The Seventh Circuit in *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988), which *Sossamon* cites with approval, also noted that "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties. According to one commentator, such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Ragsdale*, 841 F.2d at 1365 (citing 13A Wright, Miller & Cooper, FED. PRAC. & PROC. § 3533.7, at 353 (2d ed. 1984)). Plaintiff does not overcome the presumption of good faith that attends formally announced changes to official governmental policy such as the new TDCJ religious beard policy set forth in the summary judgment evidence in this case. *See Sossamon*, 560 F.3d at 325.

Finally, Plaintiff contends that the wording of the new policy does not sufficiently address his situation where his beard grows in the shape of a goatee. However, neatly trimming one's natural beard, and even shaving off one's mustache, is expressly permitted under the new published policy. [Doc. No. 69-3]. Plaintiff's assertion that TDCJ should amend its policy again to allow "goatees" would expand the policy beyond allowing neatly trimming and shaping his

beard and go beyond Plaintiff's pleadings, which sought permission to neatly trim his existing beard in its natural growth pattern. *See* Doc. No. 1 at 8-9, 26-27.[2]

"Under the December 2017 policy, inmates may now trim their religious beards and mustaches in accordance with their religious beliefs." *Johnson v. Collier*, Civ. A. No. 7:17-cv-00027-M-BP, 2018 WL 4084570 (N.D. Tex. July 27, 2018) (holding that the December 2017 revised grooming policy rendered plaintiff's claims regarding trimming his beard and mustache moot). Several other courts in the Fifth Circuit have concluded, as here, that the December 2017 policy moots a plaintiff's claim regarding trimming or sculpting the beard and the annual shaving requirement. *See id.*; *see also Wilson v. Livingston*, Civ. A. No. 3:16-CV-0188-Y-31, 2018 WL 2441786 (S.D. Tex. May 31, 2018) (holding that plaintiff's claim regarding growing his beard and shaving his mustache was moot based on the revised policy); *Strong v. Livingston*, Civ. A. No. 2:16-cv-131, 2018 WL 1115656 (S.D. Tex. Feb. 1, 2018), *report and recommendation adopted by* 2018 WL 1071453 (E.D. Tex. Feb. 27, 2018) (holding that the new policy mooted plaintiff's claims regarding the yearly shave requirement and seeking permission to neatly trim and clean his beard); *Smith v. Collier*, Civ. A. No. 6:17-cv-073, 2018 WL 1148121, at *4 (E.D. Tex. Jan. 26, 2018), *report and recommendation adopted by* 2018 WL 1138554 (E.D. Tex. Mar. 1, 2018) (holding that plaintiff's claim that he be allowed to sculpt his beard from its natural line of growth was moot based on the new policy). As written, the policy allows Plaintiff to grow a

---

[2] Plaintiff submits declarations from several other inmates stating that they have not been allowed to trim their beards into goatees. Specifically, Plaintiff points to inmate Timothy Morgan, who acknowledges that he made his full beard into a goatee; this is a fundamentally different claim than Plaintiff's claim that Plaintiff cannot grow a full beard and that his natural hair growth pattern is in the shape of a goatee. *See* Doc. No. 93 at 2 (Morgan Decl.) ("I was issued a disciplinary infraction for sculpting my '**full beard**' into a 'goatee' in violation of TDCJ's religious beard sculpting prohibition. I simply sculpted my beard into a goatee." (emphasis added)). Because the Court has no context to consider the extraneous allegations of other inmates with varied natural beard patterns whose claims are not properly before this Court, the declarations recounting other inmates' circumstances do not raise a fact issue on mootness regarding Plaintiff's claims that he be allowed to neatly trim and shape his goatee-shaped natural beard.

religious beard and to trim it so that it is neat and clean, which is what he has requested in this lawsuit. The Court concludes, therefore, that Plaintiff's remaining claims against Lorie Davis in her official capacity are moot and must be dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendant Lorie Davis's Supplemental Motion for Summary Judgment (Docket Entry No. 69) is **GRANTED**, and Plaintiff's remaining claims are **DISMISSED without prejudice as MOOT**.

2. The stayed motions for summary judgment [Doc. Nos. 47 & 51], and Plaintiff's motions for preliminary injunctive relief [Doc. Nos. 76, 80, 82, 87] are **DENIED as MOOT**.

3. All other pending motions, if any, are **DENIED**.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Houston, Texas, this ____13th____ day of December, 2018.

ANDREW S, HANEN
UNITED STATES DISTRICT JUDGE